IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WAYLON NORMAN HOGSHOOTER, MICHAEL JOE HOGSHOOTER, ERIC RAY ADAIR, RUSSELL McKEY WOOD, AND PRISONERS OF CHEROKEE NATION, <br><br> Plaintiffs, <br><br> v. <br><br> CHEROKEE NATION, CHUCK HOSKINS, JR., SARA HILL, and LISA GARCIA, <br><br> Defendants. | No. CIV 23-137-RAW |

## OPINION AND ORDER

This civil rights action was filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (Dkt. 1 at 2) The first page of the complaint states "Class Action." *Id*. at 1. The plaintiffs are four pro se pretrial detainees in the Delaware County Jail and the "Prisoners of Cherokee Nation." *Id.* The individual detainees are Waylon Norman Hogshooter, Michael Joe Budder-Hogshooter, Eric Ray Adair, and Russell McKey Wood. *Id*. at 2. The defendants are the Cherokee Nation, a federally recognized tribe located in Tahlequah, Oklahoma; Chuck Hoskins, Jr., Chief of the Cherokee Nation; Sara Hill, Attorney General of the Cherokee Nation; and Lisa Garcia, Assistant Attorney General of the Cherokee Nation. *Id.* at 3-4.

Plaintiffs allege that since April 30, 2021 they have been denied access to the courts and timely initial arraignments. *Id*. at 5-6. They also complain about delays in setting bond, entering pleas, announcements of *Miranda* rights, and appointment of counsel. Some prisoners' crimes allegedly have a penalty of only three to ten days in a city jail, so the delays are especially damaging. Plaintiffs are seeking service of summons, an order for investigation, and an injunction requiring 72-hour initial arraignments. *Id.* at 9-10.

They also want the Cherokee Nation to build a "super sized facility" to house all Cherokee Nation prisoners for intake, booking, and initial arraignments. They want the facility to offer

programs for re-integration, such as vo-tech programs, with certifications for auto mechanics, auto building, and auto design. Plaintiffs further ask that the Cherokee Nation build a car industry called "Native Designs Nation" (NDN) through the vo-tech program to build cars and motorcycles. *Id*. at 10.

In addition, Plaintiffs want the Cherokee Nation to review old criminal cases with unfair or unlawful sentencing and grant post-conviction relief where required. They further request monetary damages, declaratory relief, and attorney fees. *Id*. at 10-11.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Class Action**

Plaintiffs have labeled this lawsuit as a class action, but they have not filed a motion to certify a class.

> A prerequisite for class action certification is a finding by the Court that the representative part[ies] can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Due process requires that the Court "stringently" apply the competent representation requirement because class members are bound by the judgment (unless they opt out), "even though they may not be actually aware of the proceedings." *Albertson's, Inc. v. Amalgamated Sugar Co.*, 503 F.2d 459, 463-64 (10th Cir. 1974). Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant. *See* 7A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1769.1 n. 12; *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (pro se prisoners are not adequate representatives for a class). Moreover, although plaintiff has the right to appear pro se on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654.

*Klocek v. Gateway, Inc.*, 104 F. Supp. 2d 1332, 1343-44 (D. Kan. 2000) (citations omitted). The Court, therefore, concludes that Plaintiff are not adequate class representatives, and this action may not proceed as a class action.

**Subject Matter Jurisdiction**

Plaintiffs have brought this action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* "provides a private action for damages against *federal officers* who violate certain constitutional rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (citations omitted) (emphasis added). In this case, however, none of the defendants are federal officers. They are, instead, an Indian tribe and officials of that tribe.

> Indian tribes are "domestic dependent nations" with sovereignty over their members and territories. *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1304 (10th Cir.2001). As sovereign powers, federally-recognized Indian tribes possess immunity from suit in federal court. *Berrey v. Asarco Inc.*, 439 F.3d 636, 643 (10th Cir.2006); *see also* 25 C.F.R. § 83.2 (describing effect of federal recognition for tribes).

*Native American Distributing v. Seneca-Cayuga Tobacco Co.*, 546 F.3d 1288, 1292 (10th Cir. 2008).

Because the defendants are not federal agents, and because the defendants are entitled to sovereign immunity, this action is DISMISSED for lack of subject-matter jurisdiction.

**Indian Civil Rights Act**

To the extent Plaintiffs want to properly present their claims against the Cherokee Nation or tribal officials regarding delays in their arraignments, setting of bond, plea hearings, and other procedures in their criminal cases, they may file individual petitions for a writ of habeas corpus in federal court pursuant to the Indian Civil Rights Act ("ICRA"), 25 U.S.C. 1303. Section 1303 provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." Petitioners are advised that "[a]ll federal courts addressing the issue mandate that two prerequisites be satisfied before they will hear a habeas petition filed under ICRA: [t]he petitioner must be in custody, and the petitioner must first exhaust tribal remedies." *Chegup v. Ute Indian Tribe of Uintah and Ouray*

*Rsrv.*, 28 F.4th 1051, 1060-61 (10th Cir. 2022) (quoting *Cohen's Handbook of Federal Indian Law* § 9.09 (2017)); *see also Valenzuela v. Smith*, 699 F.3d 1199, 1205-07 (10th Cir. 2012) (discussing tribal exhaustion rule).

**ACCORDINGLY,** this action is DISMISSED for lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED** this 11th day of May 2023.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA